**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CASE NO. 3:17-cv-136**

**HENRY WILLIAM QUEZADA TORO,**

       **Plaintiff,**

  **v.**

**NEW NGC, INC.,**

       **Defendant.**

**STIPULATION AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED BY THE PARTIES AND ORDERED BY THE COURT that this Stipulation and Protective Order (the "Order"), shall govern the use of all documents produced (either formally or informally), responses to interrogatories, requests for admission, deposition transcripts, and all other information, documents, objects, or things that have been or will be produced (herein all referred to as "Discovery") by any party to this action (a "Producing Party").

1.. Certain information, documents, and things to be produced in this action may be trade secrets; confidential research, development, or commercial information; or other personally or competitively confidential information (hereinafter "Confidential Information"); and Discovery may be designated as Confidential Information, if, after carefully reviewing material to segregate non-confidential from confidential information, the Producing Party and its counsel conclude, in good faith, that good cause exists, within the meaning of subparagraph (c)(1) of Rule 26 of the Federal Rules of Civil Procedure, for the Discovery to be so designated, under the terms of this Order. All such designations are to be reasonably limited both in subject matter and in time.

2.. Any Discovery (*e.g.*, any document or portion of a transcript, whether an original or copy, including any exhibits, answers to interrogatories and other written discovery responses,

as well as physical objects, recordings or things) that any party deems to contain Confidential Information as defined in Paragraph 1, shall be labeled by such party on each page of such document or on such physical object with the designation "Confidential."  In lieu of marking this notation on the originals of documents, the party may mark the copies that are produced.  All Confidential Information not reduced to documentary, tangible or physical form, or which cannot be conveniently labeled, shall be so designated by informing the recipients in writing that the information constitutes Confidential Information.

3..    Any party may designate those portions of the transcript of a deposition that refer to matters deemed confidential pursuant to Paragraph 1 as Confidential Information by indicating on the record at the deposition that the testimony contains or reflects Confidential Information or by notifying all parties in writing, within 21 days of receipt of the transcript, of the specific pages and lines of the transcript which are Confidential.  In order to afford time for designations to be made, the entire transcript of each deposition shall be treated as Confidential Information for a period of 21 days after a full and complete transcription of such deposition is available to the designating party.

4..    Confidential Information shall not be publicly disclosed by any person or entity with knowledge of this Order unless in accordance with the terms of this Order.  Confidential Information may be used only for the prosecution or defense of the above-captioned action and not for any other pending or threatened litigation, or any other business or other purpose whatsoever.  Except as permitted hereunder or by order of the Court, all Confidential Information shall be maintained by the other party(s) to which the Confidential Information is provided (the "Receiving Party") and by its counsel in a fully confidential manner, shall be properly secured to prevent inadvertent disclosure of the Confidential Information, and shall not be given, shown,

disclosed, disseminated or described, directly or indirectly, to any person(s) other than as permitted in Paragraph 5 hereof.

5.. The following persons (hereinafter called "Qualified Persons") shall be the only persons who may have access to Confidential Information:

(a) the named plaintiff(s) and defendant in this action, and counsel of record for the named plaintiff(s) and defendant;

(b) employees of such counsel of record;

(c) consultants or expert witnesses retained for the prosecution or defense of this action, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit A before being shown or given any Confidential Information;

(d) the original author, addresses, or recipients of Confidential Information;

(e) the Court, court personnel, and court reporters;

(f) persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, provided that such persons or entities shall execute a copy of the Certification annexed to this Order as Exhibit A before being shown or given any Confidential Information;

(g) mediators, arbitrators, or similar outside parties and their staffs enlisted by all parties to assist in the resolution of this matter; and

(h) witnesses (other than persons described in Paragraphs 5(c) and 5(d)) who testify at deposition or at trial, provided that (1) the party in receipt of the Confidential Information has a good faith belief that such witness previously had access to or otherwise had obtained knowledge of the Confidential Information; and (2) such witnesses shall execute a copy of the

Certification annexed to this Order as Exhibit A before being shown or given any Confidential Information.

6.. Counsel for each party shall maintain copies of all Certifications executed by those who have access to Confidential Information pursuant to Paragraphs 5(c), (f), and (h).

7.. No Confidential Information shall be filed in the public record in connection with any motion, hearing, or trial in this action without the written consent of the Producing Party, or a court order. The parties shall comply with the relevant court rules (e.g., LR 6.1 of the Western District of North Carolina) regarding filing documents under seal.

8.. If a party inadvertently fails to stamp or otherwise designate a document or other information as Confidential Information at the time of its production, that party may thereafter stamp or otherwise designate the document or other information, as Confidential Information, and shall promptly notify the Receiving Party(s). The Receiving Party(s) shall immediately give notice thereof to each person, if any, to whom the previously undesignated document or other information was in the interim disclosed, shall diligently attempt to retrieve all copies of the documents or information distributed to persons other than Qualified Persons, and thereafter such document or information shall be subject to the provisions of this Order.

9.. Any inadvertent or unintentional disclosure by the Producing Party of Confidential Information (regardless of whether the information was so designated at the time of disclosure), or of any documents or other information protected from disclosure by the attorney-client privilege or the attorney work-product doctrine or any other applicable privilege or immunity, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, or of any privilege or immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the Producing Party gives

notification to the Receiving Party with reasonable promptness after it learns of such inadvertent or unintentional disclosure. Upon receiving such notification, each Receiving Party and each other person or entity that has received copies of any documents or other information protected from disclosure by the attorney-client privilege or the attorney work-product doctrine or any other applicable privilege or immunity shall (1) promptly return it to the Producing Party and destroy any other copies thereof (or exchange un-redacted or improperly redacted documents for properly redacted documents), or (2) challenge the claim of privilege or immunity by filing a motion with the Court, and submitting the challenged documents or information for *in camera* review. If a motion is filed challenging the claim of privilege or immunity, no Receiving Party (or any other person or entity that has received the documents or information) may make any use of the documents or information subject to the claim of a privilege or immunity until the motion is finally resolved, and shall keep all copies thereof fully and completely confidential, as if designated as Confidential Information hereunder (whether so designated or not).

10.. Within sixty (60) days after the final conclusion of the above-captioned action, including all appeals, the Receiving Party shall take all reasonable efforts to destroy all originals and copies of each document or object that another party has designated as Confidential Information (including both paper and electronic versions), and shall provide the Producing Party with confirmation of destruction. In the alternative, the Receiving Party may return all originals and copies of each document or object that another party has designated as Confidential Information to the Producing Party, shall destroy all electronic copies of such materials, and shall provide the Producing Party with confirmation that all Confidential Information (including both paper and electronic versions) has been returned and/or destroyed. A party's reasonable efforts shall not include the return or destruction of Confidential Information that (i) is stored on backup

storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees; or (iii) is subject to legal hold obligations. Counsel for the parties may retain copies of any litigation materials (*e.g.*, research, pleadings, exhibits, transcripts, correspondence, expert reports, written discovery) that contain Confidential Information, but such materials shall remain subject to this Order. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

11.. Any court reporter, transcriber or videographer who reports, transcribes or records testimony in this action at a deposition shall be informed, via correspondence or a statement on the record, before recording or transcribing any testimony by a witness, that all testimony and information revealed at the deposition is and shall remain confidential and shall not be disclosed by such reporter, transcriber or videographer except to the attorneys for each party and any other person who is present while such testimony is being given, and that all copies of any transcript, reporter's notes videotape or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, transcriber or videographer or shall be delivered to the undersigned attorneys.

12.. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of Confidential Information, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party designating the information as Confidential Information shall have the burden of applying to the Court for an order deeming the information to be "Confidential Information" as defined in

Paragraph 1. The party opposing the "Confidential Information" designation shall not object to the designating party filing the information at issue with the Court under seal in accordance with LR 6.1 of the Western District of North Carolina in order for the Court to resolve the matter. Any information designated as Confidential Information shall be subject to the terms of this Order during the resolution of any dispute pursuant to this paragraph.

13.. Nothing shall prevent disclosures beyond the terms of this Order by the party that designated the information as Confidential Information or if the party that designated the information as Confidential Information consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

14.. This Order shall not be construed to prevent any person, including a Qualified Person, from making use of designated Confidential Information which (a) was lawfully in his or her possession prior to receipt from the supplying party and not otherwise subject to any obligation of confidentiality, (b) appears in any published material available to the general public, without fault of the disclosing party, (c) was or is hereafter obtained from a source or sources not under an obligation of confidentiality to the other party or parties, without fault of the disclosing party, or (d) is exempted from the operation of this Order by written consent of the party producing such Confidential Information.

15.. If any person or entity in the possession of Confidential Information is subpoenaed by a court of competent jurisdiction in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Confidential Information, the person receiving the subpoena or document demand (1) shall give written notice by e-mail to all counsel or record for the Producing Party promptly, and at least ten business days prior to the date for production thereof as specified in the subpoena or document demand, and (2) shall, to the extent

not prohibited by law, withhold production of the Confidential Information until a court has determined whether the Confidential Information must be produced (unless the Producing Party gives permission to produce the Confidential Information, including permission contingent upon entry of a suitable protective order or confidentiality stipulation).

16.. The parties agree that the production of confidential material by any non-party to the action shall be subject to and governed by the terms of this Protective Order.

17. After the termination of this action, this Order shall continue to be binding upon the parties hereto, and all persons to whom Confidential Information has been disclosed or communicated.

18. This Order shall be effective immediately upon signature by counsel pending submission to and entry by the Court (even if it is not entered), and all parties agree that the Court may enforce the terms of this Order.

SO ORDERED.

Signed: May 24, 2017

Graham C. Mullen
United States District Judge

*[signatures follow]*

CONSENTED TO:

s/ Pearlynn G. Houck
Pearlynn G. Houck
N.C. Bar No. 36364
phouck@robinsonbradshaw.com

Fitz E. Barringer
N.C. Bar No. 42679
fbarringer@robinsonbradshaw.com

**Robinson, Bradshaw & Hinson, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone:     704-377-2536
Facsimile:     704-378-4000

*Attorneys for Defendant New NGC, Inc.*

s/ Kerry B. Everett
Kerry B. Everett
N.C. Bar No. 26960
keverett@keverettlaw.com

**Everett Law, PLLC**
3440 Toringdon Way, Ste. 205
Charlotte, North Carolina 28277
Telephone:     980-265-2335
Facsimile:     980-265-2301

*Attorney for Plaintiff Henry William Quezada Toro*

**HENRY WILLIAM QUEZADA TORO,**

        **Plaintiff,**

    **v.**

**NEW NGC, INC.,**

        **Defendant.**

**EXHIBIT A**

**CERTIFICATION**

       I acknowledge that I have read and understand the Consent Protective Order (the "Order") entered by the Court on _____, 2017, and agree to abide by its terms and conditions.  I subject myself to the jurisdiction and venue of the Western District of North Carolina for purposes of enforcement of this Order.

_____
Signature

_____
Print Name

_____
Address

_____

_____
Telephone